The State of Ohio, Appellee, *v.* Johnson, Appellant.

(No. 76AP-478—Decided August 4, 1977.)

*Mr. George C. Smith,* prosecuting attorney, and *Mr. Alan C. Travis,* for appellee.

*Messrs. Lyman, Scurry & Winkfield,* for appellant.

REILLY, J. This is an appeal from a judgment and sentence of the Court of Common Pleas of Franklin County. Appellant was charged with aggravated robbery (R. C. 2911.01). He was indicted on or about July 29, 1975, and arrested December 7, 1975. Appellant was arraigned December 24, 1975, and trial was scheduled for February 17, 1976. The trial date was continued to March 1, 1976.

The trial began March 1, and on March 2, 1976, the trial court discharged the jury as being unable to reach a verdict. Subsequently, March 4, 1976, a notice of new trial (April 1, 1976) was mailed by the assignment commissioner. Appellant filed a motion for discharge March 31, 1976, for denial of the right of speedy trial, pursuant to R. C. 2945.71, *et seq.* Then appellant obtained a continuance of the April 1, 1976, trial date, which was rescheduled for April 12, 1976. At appellant's request, that trial date was rescheduled for May 20, 1976. Whereupon, after a jury trial, a guilty verdict was returned against appellant.

The following evidence was submitted to the jury. Columbus Police Officer Michael Rugh identified aerial photographs of the robbery scene on Greenlawn Avenue, Columbus, Ohio. Columbus Police Officer Daniel M. Canada identified a photograph taken of an automobile near the scene of the robbery with license plate number B 91739.

The robbery victim, Shirley Ball, the cashier at DeVine's IGA Store, testified that, on July 22, 1975, at approximately 8:45 p. m., appellant entered the store and robbed her with a gun of approximately $1,197.00. She testified she was about two feet from appellant and had her eyes focused on his face. She also testified to photographic identification procedures and made a positive in-court identification of appellant. Cail Hill, also employed at the store, testified that he saw the robbery and, although unable to make a positive identification, testified that he followed the robber from the store and obtained a partial number of the license plate on the getaway car. He

identified a photograph of appellant's car as being the getaway car in which the robber left the premises. After the car was driven from the parking lot, and while Cail Hill was returning to the store, he heard a crash.

Clarence Alexander testified that on the evening involved he lived at 931 Eaton Avenue, Apartment C, city of Columbus, and knew appellant by sight. He testified that appellant was a next door neighbor of his mother-in-law. Further, he said that he was familiar with the automobile driven by appellant and, at about 8:45 p. m. the evening in question, he heard a crash outside and saw appellant's automobile near the apartment building. He identified the photograph of appellant's car as the one he saw in the alleyway near the apartment. Vicki Bish, who lived behind the IGA Store, testified that when the offense occurred she was outside talking with friends, and saw a car drive into the IGA parking lot. She identified the photograph of appellant's automobile as the one she had observed. She testified that a man left the car, entered the store, and, after several minutes, came out rather fast and drove through the parking lot and struck some parked cars. She identified appellant in court, and testified that he left the car with a gun in his hand, ran down the alley, and disappeared.

Columbus police officer William Spencer testified that, during the evening, July 22, 1975, he received a radio dispatch and drove to the store area and found the black and white Pontiac automobile which had been involved in the collision with parked cars. The officer identified the photographs of appellant's car, and testified it had been impounded.

Then the state moved to introduce the former recorded testimony of William Wellman, who was not available for the second trial. Apparently he had responded to several subpoenas issued in the prior trial, but had moved from his prior address. Officer Daniel Cline testified concerning attempts to contact the witness subsequent to the March 1, 1976, trial.

Whereupon, the court reporter from the first trial then read the testimony of a witness William Wellman. He tes-

tified that, during the evening, July 22, 1975, he was visiting friends at an apartment behind DeVine's IGA Store and heard a crash. Looking outside, he saw that his parked car had been struck. He immediately went outside. He testified that the driver of the car waved a gun at him and ran from the scene. He made an in-court identification of appellant, as well as the automobile.

Appellant presented testimony from his employer regarding his work habits. Then Althea Weatherspoon testified that the black and white Pontiac automobile which was involved was registered in her name, but appellant was its true owner. She testified that, on the date of the occurrence, she drove the car to work and last saw it between 3 and 4 o'clock. She testified that after work she found the car was gone, and returned home. She said she filed a stolen car report later that evening.

Appellant testified in his own behalf and denied participation in the robbery. He testified that he was playing pool from 1 p. m. until 10 p. m. the night of the crime.

The jury returned a guilty verdict, as noted above. This appeal has now been perfected, including three assignments of error:

"1. The Court erred in overruling defendant's motion for a discharge.

"2. The Court erred in permitting the admission of certain evidence over the objections of defendant.

"3. The verdict is not supported by the evidence necessary to sustain a conviction."

The first assignment of error is not well taken. The appellant was granted a speedy trial within the time required by R. C. 2945.71 and R. C. 2945.72, when he was actually tried within ninety days of his arrest, but the jury was unable to reach a verdict, and the trial court discharged the jury (R. C. 2945.36[B]) because there was not a probability of agreement upon a verdict. Then, when the case was scheduled for trial one month thereafter, such action constituted a reasonable continuance. R. C. 2945.72 includes the following, in pertinent part:

"The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing

and trial, may be extended only by the following: * * *

"(H) The period of any continuance granted on the accused's own motion, *and the period of any reasonable continuance* granted other than upon the accused's own motion." (Emphasis added.)

Thus, the state could not delay the case unreasonably, but the statute quite plainly includes any reasonable continuance granted other than upon the accused's own motion. The re-scheduling of the case after the jury could not arrive at a verdict was the equivalent of a reasonable continuance. Therefore, appellant was brought to trial within a reasonable time. Accordingly, appellant's first assignment of error is overruled.

Counsel for appellant objects to the testimony of Clarence Alexander, in part, as being speculative as to whether he recognized appellant as the individual who ran from the car. Considering the other positive eyewitness identification in open court, there was no abuse of discretion by the trial court in admitting such evidence. Moreover, R. C. 2945.49 specifically authorizes the use of testimony at trial in a criminal case of a witness at the preliminary hearing, or prior trial, when such witness becomes unavailable. A review of the record in this case shows that the witness was unavailable to testify in this case. Therefore, appellant's second assignment of error is not well taken and is overruled.

Appellant's third assignment of error is also without merit. There was readily sufficient evidence for the jury's verdict in this case. Three witnesses positively identified appellant, and several witnesses positively identified appellant's automobile found virtually adjacent to the scene of the crime. Therefore, considering the evidence before the jury, reasonable minds could reach the verdict rendered. Consequently, appellant's third assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH, P. J., and WHITESIDE, J., concur.